Kyle C. Worrell (SBN 281287)
Kyle.Worrell@jacksonlewis.com
Shiva Anari (SBN 314649)
Shiva.Anari@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Tel: (949) 885-1360
Fax: (949) 885-1380

Attorneys for Defendant
DGA SECURITY SYSTEMS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GRIFFIN,<br><br>                    Plaintiff,<br>      vs.<br><br>DGA SECURITY SYSTEMS, INC.; and DOES 1 through 25,<br><br>                    Defendants. | CASE NO.:<br><br>**DEFENDANT DGA SECURITY SYSTEMS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b), AND 1446 (DIVERSITY)**<br><br>Complaint Filed:   September 1, 2022 |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF RICHARD GRIFFIN AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant DGA SECURITY SYSTEMS, INC. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332, 1441(b), and 1446 to remove this action from the Superior Court of California, County of Orange on the grounds of diversity of citizenship. In support thereof, Defendant asset the following:

Case No.:                                    1        DEFENDANT'S NOTICE OF REMOVAL

## I.   DIVERSITY JURISDICTION

1.      The Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441.  This case may be removed pursuant to 28 U.S.C. sections 1332, 1441 and 1446 because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.00 as to Plaintiff, exclusive of interest and costs.

2.      This Court has jurisdiction over this action because complete diversity exists between Plaintiff RICHARD GRIFFIN ("Plaintiff") and Defendant.

3.      Plaintiff is a citizen of the State of California and was a citizen at the time of the filing of his Complaint.  A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, and Alternative Dispute Resolution ("ADR") Information Packet are collectively attached hereto as **Exhibit A** to the Declaration of Kyle C. Worrell ("Worrell Decl.") filed concurrently herewith.  (Worrell Decl., ¶¶ 3-4, Exh. A.)

4.      Defendant is now, and was at the time this action was commenced, a citizen of the State of New York within the meaning of 28 U.S.C. section 1332.  At all material times, Defendant was a corporation organized under the laws of the State of New York, and at all material times Defendant has maintained its principal place of business, including its corporate headquarters, in the State of New York. (Declaration of Mark Pezold ("Pezold Decl.") ¶ 5.)

5.      Plaintiff's Complaint contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs

## II.   TIMELINESS OF REMOVAL

6.      On or about September 1, 2022, Plaintiff filed a Complaint against Defendant, in the Orange County Superior Court, titled, "RICHARD GRIFFIN, an individual, Plaintiff v. DGA SECURITY SYSTEMS, INC., and DOES 1 through 25, Defendants," which the state court designated as Case No.: 30-2022-01278784-CU-OE-CJC (the "State Court Action").  (Worrell Decl., ¶¶ 3-4, Exh. A.)

7. On September 7, 2022, Plaintiff served Defendant with Summons and Complaint. (*Id.* at ¶ 4.)

8. In the Complaint, Plaintiff asserts the following causes of action: (1) Failure to Pay Overtime (Cal. Labor Code 1194 and 510(a), Code of Regulations §11040); (2) Failure to Provide Meal and Rest Periods (Cal. Labor Code §§226.7 and 512); (3) Failure to Pay Upon Termination or Quitting Employee (Cal. Labor Code §§201, 202, 203); (4) Failure to Provide Correct Itemized Statement to Employee (Cal. Labor Code §226); and (5) Unfair Business Practices (Cal. Business and Professions Code §§17200 *et seq.*) (*Id.* at ¶¶ 3-4, Exh. A.)

9. On October 6, 2022, Defendant Answered the Complaint. A true and correct copy of Defendant's Answer is attached as **Exhibit B**. (*Id.* at ¶ 5.)

10. As of the date of this Notice of Removal, the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, ADR Information Packet, and Answer constitute the pleadings, process, and orders served upon Defendant in the State Court Action, and no further proceedings have occurred in the state court as of the date of this Notice of Removal. (*Id.* at ¶ 6.)

11. This removal is timely because it has been filed within thirty (30) days after the receipt by Defendant of a copy of Plaintiff's Summons and Complaint, and it thus falls within the time period mandated by 28 U.S.C. 1446(b). The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347 (1999).

12. Moreover, in accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting pleadings will be promptly served on Plaintiff's counsel and filed with the Clerk of the Orange County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

## III.    REMOVAL BASED ON DIVERSITY JURISDICTION

13.    The Complaint and all causes of action alleged therein may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

## IV.    DIVERSITY JURISDICTION PURSUANT TO SECTION 1332(a)

14.    This case meets the requirements of Section 1332(a) and may be removed to federal court pursuant to Section 1441 because it is a civil action:  (1) "between citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

15.    Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed.  *See Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 571 (2004).

16.    For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state that constitutes its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is the state in which its "high level officers direct, control and coordinate the corporation's activities." *Hertz v. Friend*, 130 S. Ct. 1181, 1186 (2010).  The Supreme Court also held that the place of citizenship "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

17.    Defendant is, and was at the time this civil action was commenced and removed to federal court, a corporation incorporated under the laws of the State of New York, with its principal place of business (where its executive and administrative functions are performed) in the State of New York. (Pezold Decl., ¶ 5.)

18.    Defendant is now, and was at all material times, headquartered with its principal place of business in New York, New York. (*Id.*)  Defendant's officers and directors are employees whose offices are located at Defendant's headquarters in New

York, New York.  (*Id.*)  Defendant performs the vast majority of its executive and administrative functions, including coordinating services and overall business operations, at its headquarters in New York, New York.  (*Id.*)  Defendant's primary corporate officers work and have worked out of the New York headquarters, and its corporate activities have been directed, controlled, and coordinated from there.  (*Id.*)

19.     Based on the foregoing, Defendant is a citizen of the State of New York for the purposes of determining diversity.  28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. at 93 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities.").

20.     An individual is deemed a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001); *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  A plaintiff's place of residency is evidence of his domicile absent affirmative allegations to the contrary.  *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (noting a party's residence is *prima facie* evidence of his domicile); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("the place of residence is *prima facie* the domicile"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. 2008) (noting maintaining a place of residence provides a *prima facie* case of domicile).

21.     Defendant is informed and believes—and Plaintiff alleges—that Plaintiff is now, and since this action was filed on September 1, 2022, has been a resident and citizen of the State of California.  (*See* Plaintiff's Complaint, ¶ 1; *see also* Pezold Decl. ¶ 8.)

22.     The presence of Doe defendants has no bearing on the diversity with respect to removal.  28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of Defendant used under a fictitious name shall be disregarded.").

---

Case No.:                                          5          DEFENDANT'S NOTICE OF REMOVAL

23.    Defendant is informed and believes, and on that basis asserts, that no other defendant in this action has been properly joined and served as provided in Section 1441(b)(2). (Worrell Decl., ¶ 7.)

24.    Based on the foregoing, this action is one between "citizens of different States" in accordance with Section 1332(a), and complete diversity exists between Plaintiff and Defendant.

## V.    AMOUNT IN CONTROVERSY PURSUANT TO SECTION 1332(a)

25.    The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below.   28 U.S.C. § 1332(a) ("[D]istrict courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sums or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

26.    In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).   Without admitting Plaintiff could recover any damages or attorneys' fees, Defendant asserts that the amount in controversy in this action could exceed $75,000, exclusive of interest and costs, just based on Plaintiff's alleged wage claims for damages and penalties.

27.    When the allegations in a complaint do not establish the amount in controversy, a removing defendant can do so by "provid[ing] evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.*; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (2013) ("A defendant

seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum" in any case in which "the plaintiff does not plead a specific amount in controversy."); *Steele v. Grainger, Inc.*, 2013 U.S. Dist. LEXIS 81381, at \*14 (S.D. Cal. June 10, 2013) (noting that "a plaintiff cannot . . . lower the amount of monetary relief requested in an attempt to evade federal jurisdiction").

28.    In determining the amount in controversy, courts "must assume that the allegations of the complaint are true and that a jury [will] return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).[1]    The ultimate inquiry is what amount is placed "in controversy" by the Complaint and not the amount that a defendant would owe if the plaintiff prevails. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (2010); s*ee also Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe.  It's a question as to what is in controversy."). The "amount in controversy is simply an estimate of the total amount in dispute." *Lewis*, 627 F.3d at 400; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) ("A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

29.    If the plaintiff contests the defendant's assertion of the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee*, 135 S. Ct. at 554).  A defendant's burden on removal is not "daunting"; the "defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'"  *Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616 AWI SKO, 2010 U.S. Dist. LEXIS 81128, at

---

[1] By demonstrating the basis for the District Court's original jurisdiction under the diversity statute, Defendant in no way concedes that Plaintiff's claims are valid or that he is entitled to recover anything from Defendant.

Case No.:                                7        DEFENDANT'S NOTICE OF REMOVAL

*5 (E.D. Cal. July 14, 2010). A defendant seeking removal "need not make extrapolations or engage in guesswork," it only needs to "apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen*, 707 F.3d at 1140. Moreover, a defendant is "not obligated to supply information which [the plaintiff] omitted" and which the defendant consulted in evaluating whether removal is appropriate. *See id.* at 1140-41.

30.    As set forth above, Plaintiff seeks damages for himself based on Defendant's alleged (1) failure to pay for all hours worked, including overtime wages; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to pay wages due upon ending employment, (5) failure to provide accurate itemized wage statements, and (8) unfair business practices. *See generally* Plaintiff's Complaint. In the body of his Complaint and Prayer for Relief, Plaintiff seeks wages, premium pay compensation and penalties for failing to pay regular wages and overtime wage, failing to provide meal periods and rest periods, failing to provide accurate itemized wage statements, and failing to pay wages at separation, in addition to and attorneys' fees and costs. (Worrell Decl., ¶¶ 3-4, Exh. A.)

31.    Although the Complaint does not specify the dollar amount of damages being sought, it is apparent that the amount in controversy is in excess of the $75,000 jurisdictional requirement just based on Plaintiff's claims for damages and penalties alone. For purposes of removal, Defendant evaluated the amount in dispute based on Plaintiff's claims and applied the time periods dictated by the statute of limitations implicated by each cause of action. Plaintiff's meal period claim, rest period claim, and overtime claims under California's Labor Code are subject to a four-year statute of limitations as a result of Plaintiff's invocation of an Unfair Business Practices claim predicated on his wage and hour allegations. *See generally* Plaintiff's Complaint.; *see also* Cal. Bus. & Prof. Code § 17208.[2] Plaintiff's inaccurate wage statement claim is

---

[2] Defendant assumes that the four-year statute of limitations applies for the purposes of consideration of this Removal only.

subject to a one-year statute of limitations.  Cal. Code Civ. Proc. § 340.  Plaintiff's waiting time penalty claim is subject to a three-year statute of limitations. Cal. Lab. Code § 203(b); *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1109 (2007) (stating the statute of limitations for actions to recover waiting time penalties pursuant to Labor Code section 203 is limited to three years); *Montecino v. Spherion Corp.*, 427 F. Supp. 2d 965, 968 (C.D. Cal. 2006) (same).

32.    Without admitting Plaintiff could recover or is entitled to any damages, the following is a conservative summary of Plaintiff's alleged recoverable wages and penalties for his claims for unpaid overtime, missed meal and rest periods, inaccurate wages statements, and waiting time penalties. Plaintiff's claims for unfair business practices were not included.

a. **Plaintiff's Failure to Pay Overtime Claim:[3]** Plaintiff alleges "he was employed by Defendant from approximately January 3, 2022 to July 3, 2022 and earned a salary plus commissions." (Plaintiff's Complaint, ¶ 8.)  Plaintiff further alleges he "often worked in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek, and was not paid at a rate of one and one-half times his regular rate of pay." (*Id.*)  Plaintiff further alleges he "often worked in excess of twelve (12) hours per day and was not paid at a rate of two times his regular rate of pay." (*Id.*)  At the time of his separation, Plaintiff's total compensation was based on an annual rate of $150,000 per year, such that Defendant expects Plaintiff will assert a regular rate of pay of $72.12 per hour, an overtime rate of pay at $108.18 per hour (*i.e.,* 1.5 times his regular rate of pay), and a double-time rate of pay at $144.25 per hour (*i.e.*, 2.0 times his regular rate of pay). (Pezold Decl. ¶ 9.)  Based on Plaintiff's allegations that he often worked more than 12 hours per day during his alleged employment (approximately 26 weeks or 125 work days), a conservative calculation of an unpaid overtime entitlement of 4 hours for at least

---

[3] Under the Labor Code, an employer is required to pay its employees 1.5 times the regular rate of pay for work in excess of eight hours per day or 40 hours per week, and two times the regular rate for work in excess of 12 hours. Lab. Code, § 510(a); Cal. Code Regs., tit., 8, § 11040, subd. 3(A).

---

Case No.:                                    9              DEFENDANT'S NOTICE OF REMOVAL

half of those work days, and 2 hours of double-time, Plaintiff's unpaid overtime wages place **$45,435.60** in controversy [*i.e.,* ($108.18/hr x 4 hrs per day x 63 days) + ($144.24/hr x 2 hrs per day x 63 days)].

b. **Plaintiff's Failure to Provide Meal Periods Claim:[4]**   Plaintiff alleges "he was employed by Defendant from approximately January 3, 2022 to July 3, 2022 and earned a salary plus commissions." (Plaintiff's Complaint, ¶ 8.)   Plaintiff further alleges he "often worked in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek, and was not paid at a rate of one and one-half times his regular rate of pay." (*Id.*)   Plaintiff further alleges he "often worked in excess of twelve (12) hours per day and was not paid at a rate of two times his regular rate of pay." (*Id.*) Plaintiff alleges he "was not allowed meal breaks or rest breaks" during the time he worked for Defendant. (*Id.*, at ¶ 14.)   At the time of his separation, and based on his actual and projected earnings, Defendant expects Plaintiff will claim his regular rate of pay was $72.12 per hour. (Pezold Decl. ¶ 9.)   Because Plaintiff was considered an exempt employee, Plaintiff was not required to, and did not, clock in or out during his employment with Defendant.   (*Id.*)   Based on a calculation of Plaintiff not taking a legally complaint meal period every shift he allegedly worked during the relevant time period, Defendant estimates Plaintiff will claim meal period penalties for every shift, which puts **$9,015.00** in controversy [*i.e.,* $72.12/hr x 125 shifts].

c. **Plaintiff's Failure to Provide Rest Periods Claim:[5]** Plaintiff alleges "he was employed by Defendant from approximately January 3, 2022 to July 3, 2022 and

[4] Labor Code section 226.7(b) provides that "[i]f an employer fails to provide an employee a meal period . . . in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal . . . period is not provided."   Non-exempt employees must be provided a meal break of at least thirty (30) minutes for every work period of more than five hours of work, which must start by the end of the fifth and tenth hours of work, respectively. Cal. Lab. Code § 512

[5] Labor Code section 226.7(b) provides that "[i]f an employer fails to provide an employee a . . . rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the . . . rest period is not provided."   Non-exempt employees non-exempt employees who work three and a half (3.5) or more hours per day must be provided one ten-minute rest break for every

earned a salary plus commissions." (Plaintiff's Complaint, ¶ 8.) Plaintiff further alleges he "often worked in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek, and was not paid at a rate of one and one-half times his regular rate of pay." (*Id.*) Plaintiff further alleges he "often worked in excess of twelve (12) hours per day and was not paid at a rate of two times his regular rate of pay." (*Id.*) Plaintiff alleges he "was not allowed meal breaks or rest breaks" during the time he worked for Defendant. (*Id.*, at ¶ 14.) At the time of his separation, and based on his actual and projected earnings, Defendant expects Plaintiff will claim his regular rate of pay was $72.12 per hour. (Pezold Decl. ¶ 9.) Based on a calculation of Plaintiff not taking a legally complaint rest period every shift he allegedly worked during the relevant time period, Defendant estimates Plaintiff will claim rest period penalties for every shift, which puts **$9,015.00** in controversy [*i.e.,* $72.12/hr x 125 shifts].

          d. **Plaintiff's Failure to Pay Upon Termination or Quitting Penalties:**[6] Plaintiff alleges "he was employed by Defendant from approximately January 3, 2022 to July 3, 2022 and earned a salary plus commissions." (Plaintiff's Complaint, ¶ 8.) Plaintiff further alleges he "often worked in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek, and was not paid at a rate of one and one-half times his regular rate of pay." (*Id.*) Plaintiff further alleges he "often worked in excess of twelve (12) hours per day and was not paid at a rate of two times his regular rate of pay." (*Id.*) At the time of his separation, and based on his actual and projected earnings,

---

four hours, or major fraction thereof, worked, which the California Supreme Court has clarified to mean that non-exempt employees are entitled to ten (10) minutes' rest for shifts from three and one-half (3.5) to six (6) hours in length, twenty (20) minutes for shifts of more than six hours up to ten (6-10) hours, thirty (30) minutes for shifts of more than ten (10) hours up to fourteen (14) hours, and so on. *Brinker Restaurant Corp. v. Superior Court (Hohnbaum)*, 53 Cal.4th 1004, 1029 (2012).

[6] Waiting time penalties may be recovered under Labor Code section 203 when an employer fails to pay an employee all "wages" due upon termination of employment. *See* Cal. Lab. Code §§ 201, 203; *see also Caliber Bodyworks, Inc. v. Superior Court (Herrera)*, 134 Cal. App. 4th 365, 380 (2005) (referring to the "statutory penalty provided in section 203"). Waiting time penalties accrue "at the same [daily] rate until paid or until an action therefor is commenced," but are limited to thirty days' wages. Cal. Lab. Code § 203(a). The Section 203 claim is subject to a three year statute of limitations. Cal. Lab. Code § 203(b); *Kenneth Cole*, 40 Cal. 4th at 1099

---

Case No.:                             11            DEFENDANT'S NOTICE OF REMOVAL

Defendant expects Plaintiff will claim his regular rate of pay was $72.12 per hour. (Pezold Decl. ¶ 9.)  Plaintiff further alleges that he was discharged from employment and Defendant "refused and/or willfully failed to pay all wages owed to Plaintiff at the time of discharge," (Complaint, ¶ 14), which places **$30,290.40** in waiting time penalties in controversy [*i.e.,* $72.12/hr x 8hrs a day x 30 days + $108.18 x 4 hrs a day x 30 days].

e. **Plaintiff's Failure to Provide Correct Itemized Wage Statement Claim:[7]** Plaintiff claims Defendant "knowingly and intentionally failed to provide Plaintiff with proper and accurate paychecks causing injury." Plaintiff's Complaint, ¶ 23. DGA pays its California employees on a weekly basis.  (Pezold Decl. ¶ 9), Assuming Defendant failed to provide Plaintiff with an accurate itemized wage statement each pay period during Plaintiff's employment, Plaintiff's wage statement penalties place **$2,550.00** in controversy [*i.e.,* $50 x 1 pay period + $100 x 25 pay periods].

33.    Accordingly, Plaintiff's claims for damages and penalties for his claims for unpaid overtime, missed meal and rest periods, inaccurate wages statements, and waiting time penalties alone satisfy the jurisdictional prerequisite for the amount in controversy as they equal at least ***$96,306*** [*i.e.,* $45,435.60 + $9,015.00 + $9,015.00 + $30,290.40 + $2,550.00].

34.    The amount in controversy may also include general and special compensatory damages and attorney's fees which are recoverable by statute.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998); *see also*, *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), *cert. denied*, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount).  The court may examine the nature of the action and the relief sought, and take judicial notice of attorney's fee awards in similar cases. *See e.g.*, *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment

---

[7] The remedy applicable to this claim is "the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)."  Cal. Lab. Code § 226(e)(1).  The statute of limitations for such a penalty claim is one year.  Cal. Code Civ. Proc. § 340(a).

discrimination cases often exceed damages). Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *See Simmons*, 209 F.Supp.2d at 1035. Here, Plaintiff's attorney's fees are recoverable under the California Labor Code. Cal. Lab. Code §§ 218.5 and 2699(g).

35. Here, Defendant's counsel reasonably estimates that attorneys' fees alone will exceed the sum of $75,000 through trial, if Plaintiff were to prevail. (Worrell Decl., ¶ 9.) Defendant's attorney, Kyle C. Worrell, has represented employers in litigation for more than 10 years in California and is familiar with fees awarded to plaintiffs' attorneys in similar actions filed in California and federal court. (*Id.*) Based on Mr. Worrell's experience and Plaintiff's allegations, it would be reasonable to expect that attorneys' fees alone in this case will exceed the sum of $75,000 through trial. (*Id.*; *see also e.g.*, *Nishiki v. Danko Meredith, P.C.* 25 Cal.App.5th 883, 888 (2018) (affirming **attorneys' fees award of $86,160**, in a California wage case where the underlying claim for waiting time penalties resulted in an award of only $4,250, which was reduced to $2,250.).

36. Ultimately, Plaintiff's claims and Prayer for Relief demonstrate that Plaintiff seeks damages and penalties in excess of $75,000, the jurisdictional requirement of this Court, as Plaintiff seeks to recover damages and penalties which total more than **$96,306.00**. Moreover, Plaintiff seeks to recover attorneys' fees, which alone will exceed $75,000 through trial, as well as Plaintiff's claims for unfair business practices.

37. For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## VI. **VENUE**

38. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1441(a) and 1332(a) because the State Court

Action was filed in this District and division, thereby embracing the place where this action is pending.

## VII. NOTICE TO COURT AND PARTIES

39. Along with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California, County of Orange.

40. This Notice of Removal is signed by counsel for Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure.

41. For the reasons stated above, this Court has jurisdiction under 28 U.S.C. sections 1332 and 1441. Defendant therefore may remove the State Court Action to this Court pursuant to 28 U.S.C. section 1441. Defendant respectfully requests that this Court exercise its removal jurisdiction over this entire action under 28 U.S.C. sections 1332 and 1441.

Dated: October 7, 2022                    JACKSON LEWIS P.C.


                                          By:   */s/ Kyle C. Worrell*
                                                Kyle C. Worrell
                                                Shiva Anari

                                                Attorneys for Defendant
                                                DGA SECURITY SYSTEMS, INC.


                                          4865-8554-3222, v. 4

Case No.:                          14        DEFENDANT'S NOTICE OF REMOVAL